IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 15, 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-CV-02076-RPM

PUBLIC SERVICE COMPANY OF COLORADO d/b/a XCEL ENERGY,

    Plaintiff,

v.

SEA WEST WYOMING, LLC; and
NEG MICON A/S n/k/a VESTAS-AMERICAN WIND TECHNOLOGY, INC.,

    Defendants.

## PROTECTIVE ORDER

The matter is before the Court on the parties' joint motion for entry of a protective order. Finding good cause exists for the motion, the Court enters the following Protective Order pursuant to Fed. R. Civ. P. 26(c):

1.     This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.     As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.     Information designated "CONFIDENTIAL" may include, but is not limited to, information that: is confidential; implicates common law and/or statutory privacy interests;

involves a trade secret(s); and all other materials reflecting, referring to, or evidencing any documents or information within the scope of Fed. R. Civ. P. 26(c)(7). CONFIDENTIAL information shall not be disclosed or used for any purpose except for the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or by Court order, be disclosed to any person or entity, except that such information may be disclosed to:

(a) attorneys of record in this case;

(b) persons regularly employed or associated with the attorneys of record in this case whose assistance is required in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including designated representatives and counsel for the parties;

(d) expert witnesses and consultants retained in connection with this case, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this case;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters),

counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is given to all counsel of record within fifteen (15) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation. If such dispute cannot be resolved, the party designating the information as CONFIDENTIAL shall file a motion within fifteen (15) days of the written objection requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is

timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL.

9. In the event it is necessary for the parties to file Confidential Information with the Court in connection with any pretrial proceedings, the information shall be filed under seal in accordance with D.C.Colo.LCivR. 7.2 and 7.3.

10. In the event any person shall violate or threaten to violate any of the terms of this Protective Order, the aggrieved party may seek any appropriate remedy from the Court and no party shall raise as a defense to a request for injunctive relief that the aggrieved party has an adequate remedy at law.

11. Unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated the document as CONFIDENTIAL within forty-five (45) days after the conclusion of the litigation, including appeals. Alternatively, the parties may agree to destroy CONFIDENTIAL documents. If the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction of CONFIDENTIAL documents within forty-five (45) days after the conclusion of the litigation, including appeals.

12. The provisions and terms of this Protective Order shall survive the conclusion of this case.

13. This Protective Order may be modified by the Court at any time for good cause shown, following notice to all parties and an opportunity for them to be heard.

Dated this 15th day of January, 2008.

BY THE COURT:

/s/ Richard P. Matsch

Richard P. Matsch
United States District Judge

587783v.1